**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ABEL MOSLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-2816 |
| § | |
| JOHN E. POTTER, § | |
| POSTMASTER GENERAL, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Plaintiff, Abel Mosley, sued his former employer, the United States Postal Service, alleging that he was fired from his position as a temporary employee because of discrimination based on actual or perceived disability and retaliation. The Postal Service has moved for summary judgment. (Docket Entry No. 16). Mosley has responded, (Docket Entry No. 17), and the Postal Service has replied, (Docket Entry No. 18).

Based on the pleadings; the motion, response, and reply; the parties' submissions; and the applicable law, this court grants the Postal Service's motion for summary judgment and, by separate order, enters final judgment. The reasons are explained below.

**I.   Background**

    **A.   The Summary Judgment Evidence**

The record includes Mosley's EEO complaint, and the final agency decision.[1] The

---

[1] Docket Entry No. 16, Exs. 1–3; Docket Entry No. 17, Ex. M, N.

record also includes Postal Service documents relating to Mosley's hiring, working, and firing, the Postal Service union agreement governing casual employees, and Postal Service documents relating to two other employees, Richard London and Gregory Johnson.[2] The record contains sworn statements to the EEO from Chester Cassel and Johnny Criswell, Mosley's supervisors.[3] The record also contains a letter from the Department of Veterans Affairs, a letter from the Department of Labor, and the Postal Service response to an interrogatory.[4]

### B.     Factual Background

Mosley began working for the Postal Service as a temporary or "casual" employee on June 28, 2004. Mosley was hired as a ninety-day employee, assigned to work as a tractor-trailer driver in the transportation unit of the Houston Processing & Distribution Center. As a "casual" or temporary employee with a limited-term appointment, Mosley was not a member of a bargaining unit and was not a career employee. As a temporary employee, Mosley was not entitled to progressive discipline. (Docket Entry No. 16, Ex. 6, ¶ 3, Ex. 10, ¶ 5–6).

When Mosley was hired on June 28, 2004, he had a history of back problems. On August 1, 2004, Mosley missed one day of work due to back pain. On August 8, 2004, Mosley was involved in an accident at work and hurt his back. He was off work for two

---

[2] Docket Entry No. 16, Exs. 4, 5, 9, 11, 12, 13, 14; Docket Entry No. 17, Exs. B, C, D, E, G, J, K.

[3] Docket Entry No. 16, Exs. 6, 10; Docket Entry No. 17, Exs. H, I.

[4] Docket Entry No. 17, Ex. A, F, L

weeks. On August 22, 2004, Mosley was released by his doctor to return to work with no restrictions. (Docket Entry No. 17, Ex. K). When he returned to work on that date, the Postal Service fired him. (Docket Entry No. 16, Ex. 13). The Postal Service told Mosley that he was fired because the August 8, 2004 incident was a preventable workplace accident. It is undisputed that a preventable workplace accident is an accepted basis for firing a Postal Service employee. It is also undisputed that a temporary employee involved in a preventable workplace accident has no right to progressive discipline before being fired. (Docket Entry No. 16, Exs. 6, 10; Docket Entry No. 17).

In this lawsuit, Mosley alleges that the proffered reason for firing him was pretextual. Mosley asserts that the August 8, 2004 accident in which he injured his back was not his fault, but rather the fault of the Postal Service. Mosley injured his back moving a heavy metal bin. He argues that the Postal Service should have provided a forklift for moving that bin. (Docket Entry No. 17 at 7–8). Mosley alleges that he was fired because he was disabled or regarded as disabled or in retaliation for filing a worker's compensation claim. (Docket Entry No. 1, ¶ 7).

On November 24, 2004, Mosley filed a formal discrimination charge. During the EEO investigation, Mosley stated that he had no medical condition or injury that substantially limited one or more of his major life activities. (Docket Entry No. 16, Ex. 17). Mosley was asked, "Do you suffer from any medical conditions or injuries (be specific)? Please provide medical documentation verifying your medical conditions or injury." Mosley answered this question, "No." (*Id*. at 15, 27). Mosley was also asked, "Does your medical

3

condition or injury substantially limit one or more of your major life activities (a major life activity includes caring for oneself, performing manual tasks, walking, seeing, hearing, breathing, learning, and working)? If yes, please explain." Mosley answered this question, "No." (*Id.*). Mosley was asked, "Can you perform the essential functions of your position with accommodation? Or without accommodation?" Mosley answered this question, "Yes, without accommodation." (*Id.*).

As to the disability discrimination claim, the Postal Service asserts that based on the undisputed facts, Mosley was not disabled; he was not replaced by a nondisabled person or treated less favorably than nondisabled employees; the Postal Service had a legitimate nondiscriminatory reason for its decision to fire Mosley; and there is no evidence of pretext. As to the retaliation claim, the Postal Service asserts that Mosley failed to exhaust and the undisputed facts show that, as a matter of law, no retaliation occurred. (Docket Entry No. 16).

In his response to the summary judgment motion, Mosley argues that he is disabled or was regarded as disabled. Mosley provided evidence that he has a ten percent permanent disability rating from the Department of Veterans Affairs, (Docket Entry No. 17, Ex. A). Mosley asserts that when he was hired, the Postal Service knew of his medical history, which he argues supports his claim that he was at least regarded as having a disability. Mosley also presented evidence that he had an episode of back pain that caused him to miss work on August 1, 2004, a week before the August 8, 2004 accident which caused him to miss two weeks of work. (Docket Entry No. 17, Exs. C, F, G). Mosley asserts that his supervisors,

4

Johnny Criswell and Chester Cassel, gave inconsistent answers to questions about their knowledge of Mosley's back problems.  During the EEO investigation, these supervisors filled out forms stating that Mosley had no medical conditions affecting his ability to work, but also stating that he had back problems affecting his ability to push, pull, lift, and possibly drive certain types of vehicles.  (Docket Entry No. 16, Exs. 6, 10).  In these forms, both Criswell and Cassel stated that Mosley was fired because he was involved in an "at fault" or "preventable" accident on the job.  (Docket Entry No. 16, Ex. 6 at 1, Ex. 10 at 1).  When asked whether Mosley could perform the essential functions of his job without accommodation, Cassel answered, "don't know," and Criswell answered "No."

In this lawsuit, Mosley also alleges that he was fired in retaliation for filing a worker's compensation claim and requesting accommodation.  (Docket Entry No. 1, ¶ 7).  Mosley filed his EEO complaint on November 24, 2004, after he had filed for worker's compensation benefits and had been fired.  (Docket Entry No. 17, Ex. 1).  In his EEO complaint, under "Type of Discrimination You Are Alleging," Mosley checked the box for "Disability." (*Id.*). Mosley did not, however, check the box to identify "Retaliation" as one of the complaints he wanted the EEO to investigate.  (*Id.*).

In his response to the motion for summary judgment, Mosley added a claim that he was retaliated against for requesting accommodation for his alleged disability.  Mosley asserts that he requested accommodation in the form of one day off on August 1, 2004. (Docket Entry No. 17 at 10).  Mosley, however, submitted sworn testimony to the EEO that

he had never requested any accommodation from the Postal Service and that he did not have an medical condition or injury. (Docket Entry No. 16, Ex. 17 at 15, 27).

On May 16, 2005, the EEO issued its final decision, finding no *prima facie* case of discrimination. (Docket Entry No. 16, Ex. 3). Mosley timely filed this suit. He asserts causes of action under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, Title VII, 42 U.S.C. § 2000e *et seq.*, and the Civil Service Reform Act, 5 U.S.C. § 2302, seeking damages and restoration to his position as a casual employee. Each claim and the summary judgment evidence is examined below.

## II.     The Applicable Legal Standards

### A.     Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997). If the moving party fails to meet its initial burden, the motion for summary judgment

must be denied, regardless of the nonmovant's response.  *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings.  *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000).  The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  *See id*.  The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Webb v. Cardiothoracic Surgery Assocs.*, 139 F.3d 532, 536 (5th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).

In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant.  *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255.  "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

### B.     The Rehabilitation Act

A federal employee's remedy for employment-related disability discrimination is the Rehabilitation Act.  *See* 42 U.S.C. § 12111(5)(B) (excluding the United States as an employer under the ADA); *Plautz v. Potter*, 156 Fed. Appx. 812, 815-16 (6th Cir.2005) (unpublished).  Mosley asserts that the Postal Service violated the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.  Claims under either section 501 or 504 of the Rehabilitation Act incorporate the substantive standards of the Americans with Disabilities Act, 29 U.S.C. §§ 791(g) and 794(d).  Under the ADA, a person is disabled if he "either (1) is actually disabled, (2) is regarded as being disabled, or (3) has a record of being disabled." *Dupre v. Charter Behavioral Health Sys.*, 242 F.3d 610, 613 (5th Cir. 2001).  The ADA defines "disability" as "a mental or physical impairment [which] must substantially limit an individual's ability to perform at least one major life activity." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 (5th Cir. 2003).  Whether an individual suffers from a disability must be determined on a case-by-case basis. *Albertson's, Inc. v. Kirkingberg*, 527 U.S. 555, 556 (2000).  "A physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995).  Whether an impairment is substantially limiting depends on "its nature and severity, its duration or expected duration, and its permanent or expected permanent or long-term impact." *Dupre*, 242 F.3d at 614; *see also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004).  "'Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities.'" *Bennett v. Calabrian Chems. Corp.*, 324 F. Supp. 2d 815, 827 (5th

Cir. 2004) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). Major life activities include "'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Bennett*, 324 F. Supp. 2d at 826 (quoting *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024–25 (5th Cir. 1999)). "[A] plaintiff must prove a substantial limit with specific evidence that *his particular* impairment substantially limits *his particular* major life activity." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003).

Section 12112(a) of the ADA states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Section 12112(b)(5)(A) states that discrimination includes:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

*Id.* at § 12112(b)(5)(A). The Fifth Circuit has stated that "[i]n general . . . it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed." *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir.1996) (quoting 29 C.F.R. § 1630.9, App. (1995)). Once such a request has been made, "[t]he appropriate reasonable accommodation is best determined through a flexible,

9

interactive process that involves both the employer and the qualified individual with a disability." *Taylor*, 93 F.3d at 165 (quoting 29 C.F.R. § 1630.9, App. (1995)). It is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one. *Taylor*, 93 F.3d at 165.

If the plaintiff makes a *prima facie* showing of a disability-based adverse employment action, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003); *see Manning v. Chevron Chem. Co., L.L.C.*, 332 F.3d 874, 881 (5th Cir. 2003); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). If the defendant satisfies this burden, the plaintiff must show that the proffered reasons are pretextual. *Gowesky*, 321 F.3d at 511. The question on summary judgment is whether there is a conflict in substantial evidence to create a jury question as to discrimination based on a disability. *See Gowesky*, 321 F.3d at 512. If the claim reaches the pretext stage, the issue is whether the totality of the evidence, including the evidence raised at the *prima facie* case and pretext stages, raises a genuine issue of material fact as to whether defendant fired plaintiff because of a reason prohibited by the ADA. The issue is whether the evidence, viewed in the light most favorable to the plaintiff, creates a jury question regarding the discriminatory termination claim. *See Calbillo*, 288 F.3d at 725; *Anderson*, 477 U.S. at 255.

### C.     Retaliation under the Rehabilitation Act and under Title VII

This circuit has applied the framework for analyzing Title VII and ADA retaliation claims to retaliation claims brought under the Rehabilitation Act, finding that the language

of the Rehabilitation Act and findings of other circuits support that result. *Shannon v. Henderson*, 275 F.3d 42 (5th Cir. 2001); *see also Calderon v. Potter*, 113 Fed. Appx. 586, 592 at n.1 (5th Cir. 2004) ("[T]he court in *Shannon* applied the standards for analyzing retaliation claims brought under the ADA and Title VII to the plaintiff's retaliation claim brought under the Rehabilitation Act. For the reasons articulated by the *Shannon* court, we will use the same approach."); *LeBlanc v. Potter*, 2006 WL 3422234, (W.D. La. Nov 27, 2006) (applying the ADA and Title VII framework to retaliation claim against the Postal Service).

Title VII makes it unlawful for a federal employer to discriminate against an employee on the basis of race, color, religion, sex, and national origin or in retaliation for making a charge of discrimination. 42 U.S.C. § 2000e-3(a). A *prima facie* retaliation claim has three elements: "'(1) the employee must have engaged in an activity protected by Title VII; (2) the employer must have subjected the employee to an adverse employment action; and (3) a causal nexus must exist between the plaintiff's participation in the protected activity and the adverse employment action.'" *Scrivner v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 972 (5th Cir. 1999) (citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997)); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407–08 (5th Cir. 1999).

**III.   Analysis**

    **A.   Disability**

Mosley contends that he is disabled, has a record of a disability, or was regarded as disabled. Mosley points to evidence in the summary judgment record that he has a ten

percent compensable disability from the Department of Veterans Affairs. The Postal Service responds that such evidence may show an impairment but not a disability.

As a matter of law, the evidence in the record does not raise a fact issue as to whether Mosley had a disability or a record of a disability because there is no evidence of a substantial limit on a major life activity. Evidence of a substantial limitation on the ability to work requires a showing that an impairment "precluded [plaintiff] from a class of jobs or a broad range of jobs." *Dupre*, 242 at 614; *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Pryor v. Trane*, 138 F.3d 1024, 1027 (5th Cir. 1998). Mosley himself stated that he suffers from no medical condition or injury that limits a major life activity and that he is able to perform his job without accommodation. (Docket Entry No. 16, Ex. 17 at 3, 27). There is no evidence of a limit on any major life activity.

Mosley points to the Department of Veterans Affairs records showing that he has a ten percent service-related disability rating. Evidence of such a partial disability rating does not raise a fact issue as to a disability under the ADA or Rehabilitation Act. *See, e.g., Rogers v. International Marine Terminals, Inc*., 87 F.3d 755, 759 (5th Cir. 1996). As the Postal Service points out, the ADA regulations specifically state that a veteran's service-related disability rating does not show a disability under the ADA without evidence of a substantial limitation on a major life activity. 29 C.F.R. § 1630.2(k).

Mosley also argues that the Postal Service regarded him as disabled. He points to the evidence that during the EEO investigation, his supervisors stated that they did not know whether or did not believe that Mosley could perform the activities of the job because of his condition. (Docket Entry No. 17 at 6).

The ADA permits suits by plaintiffs who are not actually disabled but are regarded as disabled. As the Fifth Circuit has stated,

> One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

*Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 508 (5th Cir. 2003).

A jury could not reasonably find that the Postal Service regarded Mosley as disabled. When he was hired on June 28, 2004, the Postal Service had the records of his prior back problems that Mosley cites as the record of his disability. The Postal Service nonetheless hired Mosley as a temporary employee. *See Dupre*, 242 F.3d at 616 (employer's awareness of employee's back injury, back surgery, and the fact that he was taking pain medication did not show that employer regarded employee as substantially impaired). The fact that on August 1, 2004, Mosley took a day off because of back pain does not raise a fact issue as to whether he was regarded as disabled. There is no indication that his supervisors viewed this day off as any sort of accommodation for a disability. Indeed, Mosley told the EEO that he had never asked for accommodation before he was fired and did not need accommodation.

13

(Docket Entry No. 16, Ex. 7 at 3, 27). Moreover, when Mosley returned to work after that day off, his duties were not changed. An employee "cannot succeed on the 'regarded as disabled' element of [a disability] claim when [his] employer never limited [his] job duties or hindered [his] return to the full range of duties." *Gowesky*, 321 F.3d 503, 508 (5th Cir. 2003).

The summary judgment evidence that Mosley's supervisors either did not know or did not believe that he could perform his current job activities when he returned to work after a two-week absence following his August 8, 2004 accident does not raise a fact issue as to whether the Postal Service regarded him as disabled. "For an employer to regard an impairment as substantially limiting work, the employer must regard an individual as significantly restricted in his ability to perform a class or broad range of jobs." *Hamilton v. Sw Bell Tel. Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998). Mosley has not presented evidence that the Postal Service regarded him as unable to perform a broad range of jobs. There is no basis for an inference that the Postal Service regarded Mosley as disabled.[5]

### B. A Legitimate, Nondiscriminatory Reason and Pretext

---

[5] To the extent Mosley asserts that he was denied accommodation, that claim also fails as a matter of law. An employer's duty to provide a reasonable accommodation arises only when the individual is actually disabled; no such duty arises when the individual is "regarded as" being disabled. This court's determination that Mosley does not have a disability within the meaning of the Rehabilitation Act is fatal to any claim for failure to provide a reasonable accommodation. *See Blanks v. Sw. Bell Commc'ns, Inc.*, 310 F.3d 398, 402 (5th Cir. 2002) (analysis of reasonable accommodation is unnecessary when plaintiff is not protected by the ADA). Even if Mosley had shown a *prima facie* case of disability, he has not raised a fact issue as to a failure to accommodate. Mosley submitted a sworn statement to the EEO stating that he had not requested any accommodation. (Docket Entry No. 16, Ex. 17 at 3, 27). The Fifth Circuit has stated that "[i]n general . . . it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed." *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) (quoting 29 C.F.R. § 1630.9, App. (1995)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 112–13 (5th Cir. 2005).

Mosley has not made a *prima facie* showing of case of disability. Even if he had made that showing, the Postal Service has met its burden of articulating a legitimate nondiscriminatory reason for the decision to fire Mosley: the determination that he was involved in a preventable accident. Mosley has failed to raise a fact issue as to whether this reason was pretextual. In discriminatory discharge cases based on an employee's alleged violation of a "work rule," the employee "may establish a *prima facie* case by showing 'either that he did not violate the rule or that, if he did, [employees outside the protected class] who engaged in similar acts were not punished similarly.'" *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (quoting *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir. 1980)); *see also Simmons v. Rothe Dev., Inc.*, 952 F. Supp. 486, 490 (S.D. Tex. 1997), *aff'd*, 132 F.3d 1456 (5th Cir. 1997). To state a *prima facie* case based on disparate discipline, the employee "must show that [noncomplaining] employees were treated differently under circumstances 'nearly identical' to his." *Mayberry*, 55 F.3d at 1090 (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)); *see also Simmons*, 952 F. Supp. at 490; *Lee v. Georgia-Pacific Corp.*, 944 F. Supp. 497, 501–02 (S.D. Miss. 1996) (both holding that plaintiff could not prove his case of disparate discipline after admitting to violating the work rule and then failing to prove that employees outside the protected class were treated differently).

Mosley cannot raise a fact issue as to discrimination. Fifth Circuit precedent holds that "a mistaken but good-faith belief that an employee has violated the employer's rules is sufficient to rebut the *McDonnell Douglas* inference that the employee was discharged for

15

impermissible reasons." *Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1298 (5th Cir. 1981) (citing *Corley v. Jackson Police Dep't*, 566 F.2d 994, 1003 n.14 (5th Cir. 1978); *Turner v. Tex. Instruments, Inc.*, 555 F.2d 1251, 1256–57 (5th Cir. 1977); *Jeffries v. Harris County Cmty. Action Ass'n*, 615 F.2d 1025, 1036 (5th Cir. 1980)). Under the *Mayberry* test, Mosley must show either that he did not violate the posted rule or that, if he did, similarly-situated employees outside the protected class were punished less harshly. *Mayberry*, 55 F.3d at 1090. Mosley denies that he violated a work rule and asserts disparate discipline. The evidence does not give rise to disputed fact issues on either argument.

The evidence shows that, as a matter of law, the Postal Service had a reasonable, good-faith basis to believe that Mosley had violated the work rule. The record also shows that, as a matter of law, there was no disparate discipline. The summary judgment evidence shows that the Postal Service fired two other casual employees—neither of whom had a disability or was regarded as having a disability—for being involved in preventable accidents. (Docket Entry No. 16, Ex. 11). The undisputed evidence shows that Mosley cannot show that he was replaced by, or treated less favorably than, a nondisabled employee. *See Daugherty v. City of El Paso*, 56 F.3d 695 (5th Cir. 1995). As a matter of law, Mosley cannot raise a fact issue as to whether he was fired because he was disabled or regarded as disabled.

### C.     Retaliation

Mosley alleges that the Postal Service retaliated against him for filing for worker's compensation benefits. In response to the summary judgment motion, he added the argument that he was retaliated against for requesting an accommodation, which he asserts was the day he took off on August 1, 2004 because of back pain. (Docket Entry No. 17 at 9–10).

The threshold issue is whether Mosley failed to exhaust the retaliation claim. Before bringing a claim under the Rehabilitation Act, a federal employee must exhaust his administrative remedies. *See, e.g., Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993); *Martin v. United States Post Office*, 752 F. Supp. 213, 217 (N.D. Tex. 1990). Mosley has not exhausted his retaliation claim, although the claim relies on events occurring before he filed his EEO complaint. In that complaint, Mosley alleged disability discrimination (although not a failure to provide reasonable accommodation), but did not allege retaliation. Mosley has not exhausted his administrative remedies as to the retaliation claim. *See Prewitt v. United States Postal Serv.*, 662 F.2d 292, 303 (5th Cir. 1981); *Linthecome v. O'Neill*, 266 F.Supp.2d 514, 517-18 (N.D. Tex. 2001) (failure of a federal employee to exhaust administrative remedies prevents a court from adjudicating the employee's discrimination claims).

Even assuming that the exhaustion requirement was met as to this claim, it fails as a matter of law. To establish a claim of retaliation under the Rehabilitation Act, a plaintiff must show (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected activity and the adverse action. Mosley identifies his

17

protected activity as filing a worker's compensation benefits claim. Pursuing a claim for benefits under the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 7902, 8101-93; 20 C.F.R. § 10.100(b), is not protected activity as defined either by Title VII or the Rehabilitation Act. 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a). *See Johnston v. Henderson*, 144 F. Supp. 2d 1341(S.D. Fla. 2001). Mosley also argues (although he did not allege in his complaint) that he was also retaliated against for requesting an accommodation in the form of a day off a week before the August 8, 2004 accident and three weeks before he was fired. Mosley submitted a sworn statement to the EEO stating that he had not requested any accommodation. (Docket Entry No. 16, Ex. 17 at 3, 27). The Fifth Circuit has stated that "[i]n general . . . it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed." *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) (quoting 29 C.F.R. § 1630.9, App. (1995)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 112–13 (5th Cir. 2005). Because Mosley did not engage in protected activity as a matter of law, his retaliation claim fails.

**IV.     Conclusion**

The Postal Service's motion for summary judgment is granted. Final judgment will be entered by separate order.

SIGNED on April 11, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge